Opinión de conformidad emitida por el
Juez Asociado Se-ñor Martínez Torres,
al cual se unen la Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor Kol-thoff Caraballo.
La opinión concurrente de la Juez Asociada Señora Ro-dríguez Rodríguez(1) merece un breve comentario, por lo que representa en términos de filosofía adjudicativa y del rol de la concurrencia y la disidencia en un foro colegiado. Por supuesto, el derecho a concurrir o a disentir —y la elección del momento y las palabras al hacerlo— no está en *1026 disputa. Esa es una prerrogativa individual de cada miem-bro del Tribunal que no es ni puede ser amordazada. Ahora bien, la elección de cada uno de nosotros al opinar y las palabras que utilizamos tienen consecuencias. Según se tiene el derecho a concurrir o disentir, también se tiene el derecho, individual y colectivo, a reaccionar. En fin, si al opinar individualmente se utiliza un tono hiriente, perso-nalista y ofensivo nadie se puede ofender si los implicados hacen un llamado a la cordura y al temperamento judicial. En otras palabras, no se puede reclamar tolerancia en un tono intolerante. Al fin y al cabo, todas las posiciones tie-nen valor y merecen respeto mutuo. Cuando se quiebra ese balance se abandona el temperamento que rige nuestro comportamiento judicial y se importan estilos ajenos al clima de sosiego y deliberación que nuestra sociedad exige de este Tribunal.
Con eso en mente, no deja de sorprenderme la reacción de la concurrencia a la referencia en la Sentencia del Tribunal a Pueblo v. Flores Flores, 181 D.P.R. 225 (2011). Es perfectamente legítimo (y hasta casi una obligación si se es honesto intelectualmente) que el Tribunal explique cómo entiende que su decisión en este caso compagina con lo resuelto entonces. La disidencia tiene el perfecto derecho a opinar que ambas decisiones son incompatibles, pero tiene que reconocer también que los que no opinan así pueden —y hasta cierto punto, deben— explicar su posición.
Irónicamente, la concurrencia objeta que se cite nuestra Sentencia en Pueblo v. Flores Flores, supra, pero en cambio no cita una sola fuente de derecho para disentir, no del caso que tenemos ante nos, sino de lo resuelto entonces. En ese proceder extraño no se cita el texto del Art. 3.1 de la Ley para la Prevención e Intervención con la Violencia Do-méstica, Ley Núm. 54 de 15 de agosto de 1989, según en-mendada, 8 L.P.R.A. sec. 631. En su lugar, se cita el blog www.poderespacioyambiente.blogspot.com. No se hace refe-rencia al historial legislativo del estatuto. En cambio, se *1027 hace referencia al blog www.derechoalderecho.com para aseverar que la decisión que este Tribunal emitió hace nueve meses es odiosa y discriminatoria. Solo faltó citar frases de Mafalda (http://www.todohistorietas.com.ar/ frasesdemafalda.htm). En fin, tal parece que debíamos ig-norar el derecho aplicable para en su lugar, recoger las opiniones de algunas cibernautas. Si lo hacemos, ¿cuál es el límite? En lugar de citar la Constitución federal, ¿cita-remos www.theonion.com? ¿Obviaremos la Constitución de Puerto Rico para en cambio citar un blog como El Ñame (www. elname. com)?
Por supuesto, los blogueros y cualquiera de los integran-tes de este Tribunal tienen perfecto derecho a creer que la ley debe cambiar para acoger la posición que se esboza en la Opinión concurrente. Sin embargo, la labor del Poder Judicial, a diferencia del rol de la Asamblea Legislativa y de las opiniones en la blogosfera, es el de interpretar la ley como está, no como quisiéramos que fuera.
Hay estudiosos del Derecho que opinan que en Pueblo v. Flores Flores, supra, el Tribunal estuvo en lo correcto al li-mitarse a aplicar la ley vigente de manera cónsona con el principio de legalidad en un caso penal. P. Malavet Vega, La violencia doméstica en la Ley 54, la literatura, la canción y el cine, Ponce, Ed. Omar, 2011, Cap. 13, págs. 287-288. Es una opinión tan respetable como la de las personas que discrepan. Por eso, cuando una integrante de este Tribunal ignora ese principio de respeto recíproco y, en cambio, recoge la insinuación de que una decisión de sus compañeros Jue-ces encierra motivos odiosos y discriminatorios, se trae al seno de este Foro una campaña externa de demonización. Se rompe así el ambiente de deliberación colegiada que todos estamos obligados a mantener y fomentar. Si se me van a imputar motivos, solo acepto que sea el del respeto a la ley por encima de mis opiniones personales sobre la sabiduría o defectos de un estatuto. Véase Art. 21 del Código Civil, 31 L.P.R.A. sec. 21.

 La llamamos por su nombre correcto, ya que a pesar de su título, la “opinión concurrente y disidente” no disiente del resultado, sino de los fundamentos de la Sentencia del Tribunal. Por definición, eso es una opinión concurrente.